UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JOHN J. MYERSCOUGH,

                                                          Case No.: 2:22-cv-00226

              Plaintiff
v                                                        Hon. Jane Beckering

THE UNITED METHODIST CHURCH,
PICKFORD UNITED METHODIST CHURCH,
CAROL SUE MCDONALD and TIMOTHY
BASHORE,

              Defendants.
_____

JOHN J. MYERSCOUGH            MICHAEL T. SMALL (P33650)
*In Pro Per*                  HARVEY KRUSE, P.C.
55 Lake Havasu Avenue         Attorneys for Defendants Pickford and Timothy Bashore
Lake Havasu City, AZ 86403    3210 Eagle Run Drive NE, Suite 204
(928) 486-1135                Grand Rapids, MI 49525
jm@azlegalassist.com          (616) 771-0050
_____

**DEFENDANTS PICKFORD UNITED METHODIST CHURCH AND
TIMOTHY BASHORE'S ANSWER TO PLAINTIFF'S COMPLAINT**

        NOW COME Defendants, Pickford United Methodist Church and Timothy Bashore, by

and through their attorneys, Harvey Kruse, PC, and in answer to Plaintiff's Complaint states as

follows:

                                        PARTIES

        1.      The allegations of paragraph 1 of the Complaint directed at defendants, Pickford

United Methodist Church ("Pickford") and Timothy Bashore (Mr. Bashore), are denied. The

remaining allegations in paragraph 1 of the  Complaint are neither admitted or denied for lack of

sufficient information or knowledge upon which to form a belief as to the truth or falsity of

the allegations, leaving plaintiff to its strictest proofs at the time of trial.

1

2.      The allegations set forth in paragraph 2 of the Complaint are not directed toward this defendant, and, therefore, no response to the allegation in this paragraph is required. Should any of these allegations be directed toward this defendant, the allegations are  neither admitted nor denied for lack of  sufficient information or knowledge upon which to form a belief as to  the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

3.       It is denied that Pickford and Mr. Bashore co-conspired with Ms. MacDonald to embezzle funds from the Trust or committed other tortious conduct.

4.       It is denied that that Pickford and Mr. Bashore co-conspired with Ms. MacDonald to embezzle funds from the Trust or committed other tortious conduct.

5.      It is denied that Mr. Bashore conspired with the other defendants to embezzle funds from the Trust.

6.      The allegations in paragraph 6 of the Complaint concern a reservation to add additional defendants for which no answer is required.

<u>JURISDICTION AND VENUE</u>

7.      The allegations in paragraph 7 of plaintiff's Complaint contain conclusions of law for which no answer is required.

8.       The allegations in paragraph 8 of plaintiff's Complaint contain conclusions of law for which no answer is required.

<u>GENERAL ALLEGATIONS AND STATEMENT OF FACTS</u>

9.      The allegations in paragraph 9 of the Complaint directed at Pickford and Mr. Bashore are denied.

10.     The allegations in paragraph 10 of the Complaint directed at Pickford and Mr. Bashore are denied.

11.     It is admitted that the probate court entered an order which directed that Ms. McDonald pay $38,375.00 to the Trust.

12.     It is denied that there is a high likelihood that this Court will find that either Pickford or Mr. Bashore are liable to plaintiff.

13.     It is denied that Mr. Bashore directly or indirectly facilitated the laundering of Trust funds through Pickford.

14.     The allegations in paragraph 14 of plaintiff's Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

15.     The allegations in paragraph 15 of plaintiff's Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

16.     The allegations set forth in paragraph 16 of the Complaint directed at Pickford and Mr. Bashore are denied.  The remaining allegations in paragraph 16 of the Complaint are not directed toward this defendant, and, therefore, no response to the allegation in this paragraph is required. Should any of these allegations be directed toward this defendant, the allegations are  neither admitted nor denied for lack of  sufficient information or knowledge upon which to form a belief as to  the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

17.     The allegations set forth in paragraph 17 of the Complaint are not directed toward this defendant, and, therefore, no response to the allegation in this paragraph is required. Should any of these allegations be directed toward this defendant, the allegations are neither admitted nor denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

18.     The allegations set forth in paragraph 18 of the Complaint are not directed toward this defendant, and, therefore, no response to the allegation in this paragraph is required. Should any of these allegations be directed toward this defendant, the allegations are neither admitted nor denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

19.     The allegations set forth in paragraph 19 of the Complaint are not directed toward this defendant, and, therefore, no response to the allegation in this paragraph is required. Should any of these allegations be directed toward this defendant, the allegations are neither admitted nor denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

20.     Denied.

21.     Denied.

22.     Denied.

23.     The allegations in paragraph 23 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 23 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

24.     The allegations in paragraph 24 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 24 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

25.     The allegations in paragraph 25 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 25 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

26.     The allegations in paragraph 26 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 26 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

27.     The allegations in paragraph 27 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 27 of the Complaint are neither

admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

28.     The allegations in paragraph 28 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 28 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

29.     The Trust documents speak for themselves and, therefore, no answer to paragraph 29 of the Complaint is required.

30.     The allegations set forth in paragraph 30 of the Complaint are not directed toward this defendant, and, therefore, no response to the allegation in this paragraph is required. Should any of these allegations be directed toward this defendant, the allegations are  neither admitted nor denied for lack of  sufficient information or knowledge upon which to form a belief as to  the truth  or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

31.     The Trust documents speak for themselves and, therefore, no answer to paragraph 31 of the Complaint is required.

32.     The allegations in paragraph 32 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 32 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief

as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

33.     The allegations in paragraph 33 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 33 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

34.     The allegations in paragraph 34 of plaintiff's Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

35.     The allegations set forth in paragraph 35 of the Complaint are not directed toward this defendant, and, therefore, no response to the allegation in this paragraph is required. Should any of these allegations be directed toward this defendant, the allegations are neither admitted nor denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

36.     The allegations set forth in paragraph 36 of the Complaint are not directed toward this defendant, and, therefore, no response to the allegation in this paragraph is required. Should any of these allegations be directed toward this defendant, the allegations are neither admitted nor denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

37.     The allegations in paragraph 37 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 37 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

38.     The allegations in paragraph 38 of plaintiff's Complaint contain conclusions of law for which no answer is required.

39.     The allegations in paragraph 39 of the Complaint do not require an answer.

<u>FIRST CUASE OF ACTION</u>

40.     Defendants hereby repeat and reallege their answers to the allegations contained in paragraph 1-39 of plaintiff's Complaint as if fully stated herein.

41.     The Supreme Court's opinion in *Moore v United States* speaks for itself and, therefore, no answer to paragraph 41 of the Complaint is required.

42.     The Supreme Court's opinion in *Moore v United States* speaks for itself and, therefore, no answer to paragraph 42 of the Complaint is required.

43.     The Supreme Court's opinion in *Moore v United States* speaks for itself and, therefore, no answer to paragraph 43 of the Complaint is required.

44.     The Supreme Court's opinion in *Moore v United States* speaks for itself and, therefore, no answer to paragraph 44 of the Complaint is required.

45.     The allegations in paragraph 45 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 45 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief

as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

46.     The allegations in paragraph 46 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 46 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

47.     The allegations in paragraph 47 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 47 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

48.     The allegations in paragraph 48 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 48 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

49.     The allegations in paragraph 49 of the Complaint do not require an answer.

<u>SECOND CAUSE OF ACTION</u>

50.     Defendants hereby repeat and reallege their answers to the allegations contained in paragraph 1-49 of plaintiff's Complaint as if fully stated herein.

51.     The allegations in paragraph 51 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 51 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

52.     18 U.S. Code § 1344 speaks for itself and, therefore, no answer to paragraph 52 is required.

53.     The allegations in paragraph 53 of plaintiff's Complaint contain conclusions of law for which no answer is required.

54.     The allegations in paragraph 54 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 54 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

55.     The allegations in paragraph 55 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 55 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

56.     It is denied that plaintiff has a right to defendant Pickford or Mr. Bashore's financial documents.

57.     The allegations in paragraph 57 of the Complaint do not require an answer.

10

58.     The allegations in paragraph 58 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 58 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

59.     The allegations in paragraph 59 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 59 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

60.     The Rackateer Influenced & Corrupt Organization Act and statutory provisions cited in paragraph 60 of the Complaint speak for themselves and, therefore, no answer to paragraph 60 of the Complaint is required.

61.     The allegations in paragraph 61 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 61 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

62.     The allegations in paragraph 62 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 62 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief

as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

63.    The allegations in paragraph 63 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 63 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

64.    The statements in paragraph 64 of the Complaint do not require an answer.

<u>THIRD CAUSE OF ACTION</u>

65.    Defendants hereby repeat and reallege their answers to the allegations contained in paragraph 1-64 of plaintiff's Complaint as if fully stated herein.

66.    The statements in paragraph 66 of the Complaint do not require an answer.

67.    Denied.

68.    Paragraph 68 of the Complaint states a definition of "misrepresentation" for which no answer is required.

69.    The allegations in paragraph 69 of plaintiff's Complaint contain conclusions of law for which no answer is required.

70.    The allegations in paragraph 70 of plaintiff's Complaint contain conclusions of law for which no answer is required.

71.    The allegations in paragraph 71 of plaintiff's Complaint contain conclusions of law for which no answer is required.

72.    The allegations set forth in paragraph 72 of the Complaint are not directed toward this defendant, and, therefore, no response to the allegation in this paragraph is required. Should any of these allegations be directed toward this defendant, the allegations are  neither admitted nor denied for lack of  sufficient information or knowledge upon which to form a belief as to  the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

73.    The allegations set forth in paragraph 73 of the Complaint are not directed toward this defendant, and, therefore, no response to the allegation in this paragraph is required. Should any of these allegations be directed toward this defendant, the allegations are  neither admitted nor denied for lack of  sufficient information or knowledge upon which to form a belief as to  the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

74.    The allegations set forth in paragraph 74 of the Complaint are not directed toward this defendant, and, therefore, no response to the allegation in this paragraph is required. Should any of these allegations be directed toward this defendant, the allegations are  neither admitted nor denied for lack of  sufficient information or knowledge upon which to form a belief as to  the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

75.    The allegations set forth in paragraph 75 of the Complaint are not directed toward this defendant, and, therefore, no response to the allegation in this paragraph is required. Should any of these allegations be directed toward this defendant, the allegations are  neither admitted nor denied for lack of  sufficient information or knowledge upon which

to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

76.     The allegations set forth in paragraph 76 of the Complaint are not directed toward this defendant, and, therefore, no response to the allegation in this paragraph is required. Should any of these allegations be directed toward this defendant, the allegations are neither admitted nor denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

77.     The allegations set forth in paragraph 77 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 77 of the Complaint are not directed toward this defendant, and, therefore, no response to the allegation in this paragraph is required. Should any of these allegations be directed toward this defendant, the allegations are neither admitted nor denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

78.     The allegations in paragraph 78 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 78 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

79.     The allegations in paragraph 79 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 79 of the Complaint are neither

admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

80.     The allegations in paragraph 80 of plaintiff's Complaint contain conclusions of law for which no answer is required.

81.     The allegations in paragraph 81 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 81 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

82.     The allegations in paragraph 82 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 82 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

83.     The allegations in paragraph 83 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 83 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

84.     The statements in paragraph 84 of the Complaint do not require an answer.

<u>FOURTH CAUSE OF ACTION</u>

85.     Defendants hereby repeat and reallege their answers to the allegations contained in paragraph 1-84 of plaintiff's Complaint as if fully stated herein.

86.     The allegations in paragraph 86 of plaintiff's Complaint contain conclusions of law for which no answer is required.

87.     The allegations in paragraph 87 of the Complaint refer to the nature of the cause of action asserted and, therefore, no answer is required.

88.     The allegations in paragraph 88 of plaintiff's Complaint contain conclusions of law for which no answer is required.

89.     The allegations in paragraph 89 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 89 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

90.     The allegations set forth in paragraph 90 of the Complaint are not directed toward this defendant, and, therefore, no response to the allegation in this paragraph is required. Should any of these allegations be directed toward this defendant, the allegations are  neither admitted nor denied for lack of  sufficient information or knowledge upon which to form a belief as to  the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

91.     The allegations in paragraph 91 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 91 of the Complaint are neither

admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

92.    The allegations in paragraph 92 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 92 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

93.    The allegations set forth in paragraph 93 of the Complaint are not directed toward this defendant, and, therefore, no response to the allegation in this paragraph is required. Should any of these allegations be directed toward this defendant, the allegations are  neither admitted nor denied for lack of  sufficient information or knowledge upon which to form a belief as to  the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

94.    The allegations in paragraph 94 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 94 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

95.    It is denied that defendants Pickford and Mr. Bashore owe plaintiff compensation for the alleged economic and non-economic damages.

96.     The allegations in paragraph 96 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 96 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

97.     The statements made in paragraph 97 of the Complaint do not require an action.

<u>FIFTH CAUSE OF ACTION</u>

98.     Defendants hereby repeat and reallege their answers to the allegations contained in paragraph 1-97 of plaintiff's Complaint as if fully stated herein.

99.     The allegations in paragraph 99 of plaintiff's Complaint contain conclusions of law for which no answer is required.

100.    (a-g)  The allegations in paragraph 100 of plaintiff's Complaint contain conclusions of law for which no answer is required.

101.    The statements made in paragraph 101 of plaintiff's Complaint do not require an answer, other than defendants Pickford and Mr. Bashore deny that they were unjustly enriched as a result of the actions described in the Complaint.

102.    The allegations in paragraph 102 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 102 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

103.     The allegations in paragraph 103 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 103 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

104.     The allegations in paragraph 104 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 104 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

105.     Statements made in paragraph 105 of the Complaint do not require an answer.

<u>SIXTH CAUSE OF ACTION</u>

106.     Defendants hereby repeat and reallege their answers to the allegations contained in paragraph 1-105 of plaintiff's Complaint as if fully stated herein.

107.     It is denied that plaintiff is entitled to injunctive relief from either Pickford or Mr. Bashore.

108.     The Supreme Court's holding of the case *Weinberger v Romero-Barcelo* speaks for itself and, therefore, no answer to paragraph 108 of the Complaint is required.

109.     The allegations in paragraph 109 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 109 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief

as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

110.    It is denied that plaintiff is entitled to injunctive relief from either Pickford or Mr. Bashore.

111.    The allegations in paragraph 111 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 111 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

112.    The allegations in paragraph 112 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 112 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

113.    The allegations in paragraph 113 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 113 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

114.    The allegations in paragraph 114 of the Complaint directed at Pickford and Mr. Bashore are denied. The remaining allegations in paragraph 114 of the Complaint are neither admitted or denied for lack of sufficient information or knowledge upon which to form a belief

as to the truth or falsity of the allegations, leaving plaintiff to its strictest proofs at the time of trial.

115.    Statements made in paragraph 115 of the Complaint do not require an answer.

JURY DEMAND

116.    Statements made in paragraph 116 of the Complaint do not require an answer.

CONCLUSION

The statements made in the Conclusion of plaintiff's Complaint relating to defendants Pickford and Mr. Bashore are denied.

PRAYER FOR RELIEF

WHEREFORE, defendants Pickford and Mr. Bashore hereby request a judgment in their favor and an award of costs and attorney fees incurred to defendant the present action.

Dated: January 9, 2023                         Respectfully submitted,
                                               Harvey Kruse, P.C.

                                  By:   */s/ Michael T. Small*_____
                                        Michael T. Small (P33650)
                                        3210 Eagle Run Drive NE, Suite 204
                                        Grand Rapids, MI 49525

RELIANCE ON JURY DEMAND

Defendants Pickford and Mr. Bashore hereby rely on the demand for jury trial made by Plaintiff.

Dated: January 9, 2023                         Respectfully submitted,
                                               Harvey Kruse, P.C.

                                  By:   */s/ Michael T. Small*_____
                                        Michael T. Small (P33650)
                                        3210 Eagle Run Drive NE, Suite 204
                                        Grand Rapids, MI 49525

**PROOF OF SERVICE**

JULIE SCHAFER, being first duly sworn, deposes and states that on the 9th day of January 2023, she did cause to be served a copy of the foregoing instrument and this Certificate of Service upon all counsel of record via the Court's Electronic Filing System.

*/s/ Julie Schafer*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JOHN J. MYERSCOUGH,

           Plaintiff

v

THE UNITED METHODIST CHURCH,
PICKFORD UNITED METHODIST CHURCH,
CAROL SUE MCDONALD and TIMOTHY
BASHORE,

           Defendants.

Case No.: 2:22-cv-00226

Hon. Jane Beckering

---

| JOHN J. MYERSCOUGH | MICHAEL T. SMALL (P33650) |
|---|---|
| *In Pro Per* | HARVEY KRUSE, P.C. |
| 55 Lake Havasu Avenue | Attorneys for Defendants Pickford and Timothy Bashore |
| Lake Havasu City, AZ 86403 | 3210 Eagle Run Drive NE, Suite 204 |
| (928) 486-1135 | Grand Rapids, MI 49525 |
| jm@azlegalassist.com | (616) 771-0050 |

---

### DEFENDANTS PICKFORD UNITED METHODIST CHURCH AND TIMOTHY BASHORE'S SPECIAL AND/OR AFFIRMATIVE DFENSES

NOW COME Defendants, Pickford United Methodist Church and Timothy Bashore, by and through their attorneys, Harvey Kruse, PC, and provide the following Special and/or Affirmative Defenses:

1.     Neither Timothy Bashore ("Mr. Bashore") nor the Pickford United Methodist Church ("Pickford") had a fiduciary relationship with the plaintiff.

2.     Neither Pickford nor Mr. Bashore gained possession of any money referred to or claimed by plaintiff through a fiduciary relationship.

1

3.      Neither Pickford nor Mr. Bashore acquired monies with an intent to permanently deprive the rightful owner of such moneys; neither did Pickford nor Mr. Bashore have any intention to embezzle or otherwise commit a crime.

4.      The plaintiff was not damaged by any fraudulent misrepresentation, inducement or concealment made by either Pickford or Mr. Bashore.

5.      The actions or omissions complained of by plaintiff on the part of either Pickford or Mr. Bashore did not cause any economic or non-economic injury to plaintiff.

6.      Neither Mr. Bashore nor Pickford had any intention of deceiving plaintiff.

7.      Neither Pickford nor Mr. Bashore had any duty to disclose any fact or information to plaintiff.

8.      Plaintiff has failed to set out the particular facts of how either Pickford or Mr. Bashore committed embezzlement, fraud, aiding and abetting or unjust enrichment.

9.      Plaintiff's claims are barred by the applicable statute of limitations and/or repose.

10.      Plaintiff's claims are barred by latches.

11.      Plaintiff's claims are barred due to plaintiff's own unjust and inequitable conduct.

12.      Neither Pickford nor Mr. Bashore had any actual knowledge of any scheme to embezzle funds or convert funds from the Trust.

13.      Neither Pickford nor Mr. Bashore knowingly joined in an enterprise with a fiduciary where the fiduciary's interests were antagonistic to the Trust.

14.      Neither Pickford nor Mr. Bashore exerted dominion or control of plaintiff's property.

15.      Plaintiff failed to state claims upon which relief may be granted.

2

16.     Plaintiff has not suffered an irreparable injury.

17.     The remedies at law, such as monetary damages, are adequate to compensate any injury to plaintiff.

18.     An equitable remedy is not warranted in this case.

19.     Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel.

20.     Defendant reserves the right to add affirmative defenses as may appear as the result of investigation or formal discovery.


Dated: January 9, 2023                                        Respectfully submitted,
                                                             Harvey Kruse, P.C.

                                                    By:   */s/ Michael T. Small*
                                                          Michael T. Small (P33650)
                                                          3210 Eagle Run Drive NE, Suite 204
                                                          Grand Rapids, MI 49525

<table>
<tr><td><strong><u>PROOF OF SERVICE</u></strong></td></tr>
<tr><td>     JULIE SCHAFER, being first duly sworn, deposes and states that on the 9th day of January 2023, she did cause to be served a copy of the foregoing instrument and this Certificate of Service upon all counsel of record via the Court's Electronic Filing System.<br><br><em>/s/ Julie Schafer</em></td></tr>
</table>