UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN J. MYERSCOUGH,

        Plaintiff,

v.

THE UNITED METHODIST
CHURCH, et al.,

        Defendants.
_____/

Case No. 2:22-cv-226

Hon. Jane M. Beckering
U.S. District Judge

## REPORT AND RECOMMENDATION

### I.    Introduction

Plaintiff John J. Myerscough brings this action against the United Methodist Church, the Pickford United Methodist Church, Carol Sue McDonald, and Timothy Bashore. This Report and Recommendation (R&R) addresses the motion to dismiss filed by the General Council on Finance and Administration of the United Methodist Church (hereinafter "the GCFA") on behalf of the United Methodist Church. (ECF No. 20.) It also addresses Myerscough's motion to amend his complaint. (ECF No. 44.)

In short, the GCFA argues that this Court should dismiss Myerscough's claims against the United Methodist Church because it is not a legal entity that can be sued. Alternatively, it contends that the Court should dismiss Myerscough's claims against the United Methodist Church because Myerscough did not properly effectuate service

of process.[1]  Rather than responding, Myerscough moved for leave to amend his complaint to add the Michigan Conference of the United Methodist Church, "the Board of Trustees," and Bishop David Alan Bard as defendants.

The undersigned respectfully recommends that the Court dismiss the United Methodist Church from this action because it is a religious denomination, not a legal entity.  The undersigned further recommends that the Court grant Myerscough's motion for leave to amend insofar as he wishes to name the Michigan Conference of the United Methodist Church as a defendant; it appears that this is the legal entity that Myerscough intended to sue in the first place.  But the undersigned recommends that the Court deny Myerscough's motion for leave to amend insofar as he wishes to name the "Board of Trustees" and Bishop David Alan Bard as defendants in this action.  It is unclear what board of trustees Myerscough intends to sue and what involvement either party had in the events underlying Myerscough's claim.  As a result, the undersigned is unable to discern whether the interests of justice are served by allowing Myerscough to amend his complaint to name these parties as defendants.

## II.   Background

According to Myerscough, he is a beneficiary of the Dorothy Grace Myerscough Trust ("the Trust"), a multi-million-dollar trust.  (ECF No. 1, PageID.2, 5-6.) Myerscough says that Defendant Carol Sue McDonald, an employee of the Pickford United Methodist Church ("Pickford'), is a trustee of the Trust.  (*Id.*, PageID.4-5.)

---

[1]     The GCFA became aware of Myerscough's claims against the United Methodist Church when a law enforcement officer left a copy of the Summons and Complaint on a reception desk in the building where the GCFA is located.

Myerscough alleges that McDonald, with the assistance of Defendants Pickford, Pickford Pastor Timothy Bashore, and the United Methodist Church, misappropriated trust funds. (*Id.*, PageID.5.) He alleges that McDonald would disburse discreet amounts of money from the Trust to Pickford. (*Id.*, PageID.6.) According to Myerscough, McDonald would disguise the disbursements as charitable donations, and then use the money for personal gain. (*Id.*, PageID.6-7.) Myerscough alleges that these disbursements totaled more than $360,000. (*Id.*, PageID.4.) In addition to embezzling money from the trust, Myerscough says that McDonald failed to maintain adequate financial statements and transmitted confidential trust documents to third parties. (*Id.*, PageID.7.)

Based on the foregoing, Myerscough purports to set forth claims of: (1) civil embezzlement, (2) civil financial fraud and racketeering, (3) fraud, misrepresentation, and concealment, (4) aiding and abetting a breach of fiduciary duties, and (5) unjust enrichment. (*Id.*, PageID.10-26.) He requests $12,000,000 in damages, and a permanent injunction. (*Id.*, PageID.30.) Myerscough avers that this Court has diversity jurisdiction under 28 U.S.C. §1332. (*Id.*, PageID.3.)

### III. Analysis

As set forth above, the GCFA now moves this Court to dismiss Myerscough's claims against the United Methodist Church primarily because the United Methodist Church is not a legal entity. (ECF No. 21, PageID.122-126.) The GCFA therefore asserts that the Court lacks subject matter jurisdiction in accordance with Federal Rule of Civil Procedure 12(b)(1). Rule 12(b) provides that: "Every defense to a claim

for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject matter jurisdiction . . . ." Fed. R. Civ. P. 12(b)(1). As the plaintiff in this case, Myerscough bears the burden of establishing that this Court has jurisdiction. *Peterson v. City of Grand Rapids*, 182 F. Supp. 3d 750, 753 (W.D. Mich. 2016) (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir.1996)).

In its motion, the GCFA explains that the United Methodist Church is a structure of beliefs that unites "a series of separate legal entities." (ECF No. 21, PageID.123.) In other words, the United Methodist Church is a denomination, not a jural entity capable of being sued. Myerscough does not contend let alone establish otherwise. Instead, he moves for leave to amend his complaint to name as defendants "the true and accurate perpetrators of the wrongdoing's against [him]" (ECF No. 44, PageID.1136), seemingly conceding that the Court lacks jurisdiction over the United Methodist Church, or at the very least that the United Methodist Church is not a "true and accurate perpetrator" of the alleged wrongdoings against him. As such, the undersigned respectfully recommends that the Court dismiss the United Methodist Church from this action and turns to Myerscough's motion to amend.

In his motion, Myerscough asks the Court for thirty days to amend his complaint in order to name as defendants: (1) the Michigan Conference of the United Methodist Church, (2) "the Board of Trustees," and (3) Bishop David Alan Bard. (*Id.*, PageID.1136.)

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). The Court may deny leave to amend a complaint where the amendment is brought in bad faith, will result in undue delay or prejudice to the opposing party, or is futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), *cert. denied*, 116 S. Ct. 1354 (1996). Furthermore, the Court must have knowledge of the substance of the proposed amendment to determine whether "justice so requires" an amendment. *Roskam Baking Co v. Lanham Mach.*, 288 F.3d 895, 906 (6th Cir. 2002). The Court does not abuse its discretion by denying an amendment when the plaintiff has failed to submit a proposed amended complaint. *Id.*

Myerscough did not submit a proposed amended complaint along with his motion for leave to amend. With respect to his request for leave to name "the Board of Trustees" and Bishop David Alan Bard, it is the undersigned's opinion that Myerscough's failure to submit a proposed complaint leaves the Court unable to determine whether "justice so requires" an amendment. Nothing in Myerscough's November 30, 2022 complaint indicates that these proposed parties[2] had any involvement in the events underlying Myerscough's claims. But in the undersigned's opinion, Myerscough's request for leave to amend his complaint in order to name the

---

[2] Furthermore, it is unclear what board of trustees Myerscough seeks to name as a defendant in his amended complaint.

5

Michigan Conference of the United Methodist Church as a defendant is different. In its motion to dismiss, the GCFA explained that "[the] United Methodist Church is simply a series of separate legal entities – including local churches, *conferences*, agencies, councils and boards – united by a common religious belief." (ECF No. 21, PageID.123 (emphasis added).). It therefore appears that the Michigan Conference of the United Methodist Church is the legal entity that Myerscough intended to sue in his November 20, 2022 complaint in place of the United Methodist Church. As such, it is the undersigned's opinion that permitting Myerscough to amend his complaint in order to name the Michigan Conference of the United Methodist Church as a defendant serves the interests of justice. The undersigned therefore recommends that the Court grant Myerscough's motion for leave to amend to name the Michigan Conference of the United Methodist Church as a defendant but deny Myerscough's motion for leave to amend to name the "Board of Trustees" and Bishop David Alan Bard as defendants.

### IV. Recommendation

The undersigned respectfully recommends that the Court dismiss the United Methodist Church from this action because it is a religious denomination, not a legal entity. The undersigned further recommends that the Court grant Myerscough's motion for leave to amend insofar as he wishes to name the Michigan Conference of the United Methodist Church as a defendant; it appears that this is the legal entity that Myerscough intended to sue in the first place. But the undersigned recommends that the Court deny Myerscough's motion for leave to amend insofar as he wishes to

add the "Board of Trustees" and Bishop David Alan Bard as defendants in this action. It is unclear what "Board of Trustees" Myerscough intends to sue and what involvement either party had in the events underlying Myerscough's claims. The undersigned is therefore unable to discern whether the interests of justice are served by allowing Myerscough to amend his complaint to name these parties as defendants.

Dated: May 23, 2023  /s/ *Maarten Vermaat*
MAARTEN VERMAAT
U. S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C) Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).